UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA T. HUBBARD, individually | ) | |
| and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cv-0216-DFH-TAB |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| and MRC RECEIVABLES CORP. | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON PLAINTIFF'S MOTION TO CERTIFY CLASS

*Introduction*

Plaintiff Angela T. Hubbard filed this matter individually and on behalf of

all Indiana residents who received a debt collection letter from defendants Midland

Management Incorporated and MRC Receivables Corporation mailed between

February 14, 2004 and February 14, 2005 similar to the one Hubbard complains

about in this case.  Hubbard alleges that the letter violated section 1692e of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  The letter offered to

settle the debt at a 50 percent discount before a specific date.  Pl. Br. 1-2; Pl. Ex.

A.  Hubbard contends that the letter was "false, deceptive or misleading" in

violation of section 1692e because the defendants would have been willing to

settle the debt at any time and for less than the amount they said they were

willing to accept.   On appeal from dismissal of Hubbard's claim under Rule

12(b)(6), the Seventh Circuit held that such a claim could be viable if a plaintiff is

able to demonstrate using a survey that comports with the principles of

professional survey research that a sufficiently large segment of the

unsophisticated public is likely to be deceived by such language.  See *Evory v.*

*RJM Acquisitions Funding LLC*, 505 F.3d 769, 776 (7th Cir. 2007).  Hubbard now

moves to certify a class defined as "all persons similarly situated in the State of

Indiana from whom Defendants attempted to collect a delinquent consumer debt

allegedly owed originally to Household Bank (SB), N.A., from [February 14, 2004

to February 14, 2005], and as to which the consumer was sent a purported

limited time settlement offer letter similar to the letter Plaintiff received."

Complaint ¶ 9.   As explained below, Hubbard's motion to certify the class is

granted.  The defendants' motion to strike portions of Hubbard's reply brief (Dkt.

114) is denied.

## Standard for Class Certification

Class certification depends not on the merits of the lawsuit or on which

party will prevail, but on whether the requirements of Federal Rule of Civil

Procedure 23 are met.  See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78

(1974).  To secure certification of a plaintiff class under Rule 23, Hubbard must

show the court that all four requirements of Rule 23(a) and at least one of the sub-

parts of Rule 23(b) have been satisfied.  *Arreola v. Godinez*, 546 F.3d 788, 797 (7th

Cir. 2008).  The familiar requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation.  Failure to meet any of these requirements will preclude class certification.  See *id.*  The defendants concede that Hubbard has made a satisfactory showing of numerosity, commonality, and typicality.  Defendants also concede that Hubbard has shown under Rule 23(b)(3) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods of fair and efficient adjudication of the controversy.  The only remaining requirement at issue is whether Hubbard will adequately represent the class.  As explained below, the court finds that she will.

### *Adequacy of Representation*

To certify a class, the named representative must fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  The adequacy standard involves two elements.  First, a class representative must have a sufficient stake in the outcome to ensure zealous advocacy and must not have claims antagonistic to or conflicting with claims of other class members.  Second, counsel for the named plaintiffs must be experienced, qualified, and generally able to conduct the litigation on behalf of the class.  See *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977).  Generally, the court's primary concern is whether there is any potential collusion between the representative and the lawyers and whether there is a potential conflict of interest. *Eggleston v. Chicago Journeymen Plumbers'*

*Local Union No. 130, U.A.*, 657 F.2d 890, 896 (7th Cir. 1981).  As the Seventh Circuit noted, the Supreme Court has found adequate a "named plaintiff [who] did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not know the defendants by name, nor even the nature of the misconduct of the defendants."  *Eggleston,* 657 F.2d at 896, discussing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966).

The defendants argue that Hubbard is merely a pawn for her counsel and thus is an inadequate class representative. Def. Br. 3.  Hubbard has testified that she had limited face-to-face contact with her attorneys, "randomly" received documents from her attorneys advising her about the progress of her case, did not recall when she first read the complaint, and did not recall how many times she had spoken with her attorneys on the phone.  Pl. Dep. 23, 25, 27-28, 37-41. Based on that testimony, defendants contend that she is unable to represent the class adequately.  The defendants also contend that Hubbard will not adequately represent the class because she failed, when filing for bankruptcy in August 2006, to disclose her lawsuit against the defendants as an asset on her bankruptcy schedules.  (At that time, this court had dismissed her action with prejudice, and an appeal was pending.)  Hubbard testified that she had not received anything from her attorneys concerning her case in a long time and had forgotten that her case existed.  Pl. Dep. 53-55, 59.  According to the defendants, it was not until May 2008 that Hubbard learned that her case had been dismissed, appealed, and

revived.  Def. Br. 6-7, citing Pl. Dep. 47-48.  The defendants conclude that while Hubbard's appeal was pending, she was not involved in any related decisions, including settlement discussions.  Def. Br. 8-9.

Hubbard testified that she communicated with her attorneys and that she participated in discovery.  Pl. Dep. 23, 28, 38, 40, 83-84.  She understands that her claim is based on the FDCPA, and she was able to describe the general nature of her claim:

> I believe that . . . I could have actually made arrangements outside of the time frame that was given. . . .  When I got the letters, I was basically told I had to act within a certain amount of time, and because I couldn't in that time, I basically felt like it was over; you know, it was like within this window of time, and beyond that I couldn't do anything.  I was led to believe that was not true. . . .

Pl. Dep. 29.  She understood that as class representative she will represent a group of individuals who received a letter like the one she received from the defendants in about March 2004, and that she is required to participate and cooperate in discovery, communicate with her attorneys, testify, and look out for the interests of her fellow class members.  Pl. Dep. at 60.

When Hubbard filed for bankruptcy in August 2006, her FDCPA claim was in procedural limbo – her claim had been dismissed and her appeal was pending.  After the Seventh Circuit revived her case, the omission was corrected and

Hubbard's Schedule B asset list was amended.[1]  Given the procedural status of this case at that time, Hubbard's oversight in failing to disclose this lawsuit to the bankruptcy court in her initial petition does not undermine her adequacy as class representative.  (Keep in mind that the applicable standard for violating the FDCPA is the "unsophisticated consumer," not someone trained to understand that a dismissed case pending on appeal may still be an asset; such a person presumably would also not have been misled by the allegedly misleading letter.) Further, the defendants have not offered evidence that would allow the court to conclude that Hubbard was kept uninformed of her attorneys' efforts to settle her case before the Seventh Circuit.

All in all, Hubbard has demonstrated that, at a minimum, she is in communication with her attorneys and that she has a basic knowledge of what her case is about and what her role as class representative will be.  Although Hubbard's involvement in her case has been minimal and her memory of procedural events is limited, without a showing of a potential conflict of interest or collusion between Hubbard and her attorneys, Hubbard's knowledge and participation are sufficient to meet the bar set in *Eggleston*.  Hubbard has shown that she will be an adequate class representative under Rule 23(a)(4).

---

[1]The defendants believe that Hubbard's 2006 bankruptcy filings were amended without her knowledge.  Def. Br. 6.  Whether she had knowledge of the amendment does not bear on this court's decision as to whether she can serve as an adequate class representative in this matter.

*Conclusion*

For the foregoing reasons, Hubbard's motion to certify the class in this matter is granted.  To comply with Rule 23(c)(1):  the class consists of all Indiana residents from whom defendants attempted to collect a delinquent consumer debt allegedly owed originally to Household Bank (SB), N.A. using substantially the same form of collection letter sent to Hubbard, mailed on or after February 14, 2004 and no later than February 14, 2005.  The class is certified for purposes of claims that the defendants' letter proposing settlement of existing debts violated the Fair Debt Collection Practices Act.  The defendants' motion to strike portions of Hubbard's reply brief is denied.  No later than January 9, 2009, plaintiff's counsel shall promptly prepare and file an appropriate proposed notice to the class to comply with Rule 23(c)(2), after having given defendants a reasonable opportunity to consider proposed language.  If the parties do not agree, defendants will have 14 days to comment on the proposed notice.

So ordered.

Date: December 19, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven James Halbert
shalbertlaw@aol.com,hst2893899@aol.com

Corinne Cantwell Heggie
HINSHAW & CULBERTSON LLP
cheggie@hinshawlaw.com

Tomio B. Narita
SIMMONDS & NARITA LLP
tnarita@snllp.com

Justin M. Penn
HINSHAW & CULBERTSON, LLP
jpenn@hinshawlaw.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com,mephilipps@sbcglobal.net

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com,courtfiling@hinshawlaw.com,izielinski@hinshawlaw.com

Michael Richard Simmonds SIMMONDS & NARITA LLP
msimmonds@snllp.com,sschmitt@snllp.com

Jeffrey A. Topor
SIMMONDS & NARITA LLP
jtopor@snllp.com