UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA T. HUBBARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and MRC RECEIVABLES CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:05-cv-0216-DFH-TAB<br>)<br>)<br>)<br>)<br>)<br>) |
| ANGELA T. HUBBARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>M.R.S. ASSOCIATES, INC., a New Jersey corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  CASE NO. 1:05-cv-0218-DFH-TAB<br>)<br>)<br>)<br>)<br>) |

ENTRY GRANTING SUMMARY JUDGMENT FOR DEFENDANTS

On June 19, 2009, the court denied plaintiffs' motions to stay these actions or to certify questions for interlocutory appeal, and the court ordered plaintiffs to show cause no later than July 10, 2009, why the court should not grant summary judgment to defendants because plaintiffs have no survey evidence needed to show that the debt collection letters in question would actually deceive

unsophisticated consumers. The circumstances and reasons are set forth in detail in the entry of June 19th and will not be repeated here.

Plaintiffs have not responded in this court to the order to show cause. Instead of responding in this court, plaintiffs have filed a petition for a writ of mandamus with the United States Court of Appeals for the Seventh Circuit seeking an order directing this court to stay these two cases pending the Seventh Circuit's decision in two other cases. The appeals in those cases present related questions about survey evidence in Fair Debt Collection Practices Act cases alleging that debt collectors' offers to settle debts were misleading because they did not indicate that the debt collector would be willing to extend the stated deadline on the offer.

The filing of a petition for a writ of mandamus does not divest this district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court. In many cases pending before a district court, the parties and the court might benefit from knowing how the Seventh Circuit will decide similar pending cases. Yet the work in the district court goes on except in very unusual circumstances. In this case, plaintiffs sought and received advice from this court on the admissibility of survey evidence. They were unhappy with that

advice and elected not to conduct any survey at all pending further guidance from the Seventh Circuit.[1]

The court explained in the June 19th entry why no further delay is appropriate in this case. Plaintiffs have had ample time to conduct the surveys that they acknowledge are essential to prove their claims. They have not done so, and they have not shown why the court should not grant summary judgment in favor of defendants because the survey evidence is lacking. Accordingly, the court grants summary judgment in favor of defendants in both of these cases. The court will enter final judgments in both cases.

---

[1]At the hearing on plaintiffs' motion for approval of a survey method, the following exchange took place at page 16 of the transcript, with emphasis supplied:

> Court: Are you willing to serve and file a report, *regardless of how the survey turns out?*
>
> Pl. Atty: *Yes*, Your Honor, with the caveat that if Your Honor says you can't do a mall-intercept survey or you have got to survey 1 million people or 10,000 people. But it, if what you are —
>
> Court: I have Rule 1 in mind.
>
> Pl. Atty: If, if you are talking about what we are proposing here and we roll this survey out and we lose, we lose.

During the hearing, the plaintiffs did not state or imply that they were willing to carry out a survey only if the court provided a firm and binding commitment to admit survey evidence. The court could not possibly have provided a binding commitment before the survey was actually completed, and before there was a full adversarial presentation of the issues. Nevertheless, the court took the chance of providing tentative guidance, despite defendants' warnings, in the hope that it might prove useful to the plaintiffs. If plaintiffs disagreed with the court's tentative guidance, they were free to carry out the kind of survey they preferred and to pursue any legal issues in a higher court.

So ordered.

Date: July 16, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven James Halbert
shalbertlaw@aol.com

Corinne Cantwell Heggie
HINSHAW & CULBERTSON LLP
cheggie@hinshawlaw.com

Tomio B. Narita
SIMMONDS & NARITA LLP
tnarita@snllp.com

Justin M. Penn
HINSHAW & CULBERTSON, LLP
jpenn@hinshawlaw.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Michael Richard Simmonds
SIMMONDS & NARITA LLP
msimmonds@snllp.com

Jeffrey A. Topor
SIMMONDS & NARITA LLP
jtopor@snllp.com

-5-

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

Amy R. Jonker
MCGUIRE WOODS LLP
ajonker@mcguirewoods.com

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com